No Counsel argued for the Appellee.

CHASE, Ch. J. delivered the opinion of the court. The court concur in the opinion given by the court below in the *first* bill of exceptions.

The bill of sale has all the solemnities prescribed and required by the act of assembly of 1729, *ch.* 8, to give it validity and operation in the case in which goods and chattels are intended to be transferred, and the possession is retained by the grantor. The copy offered is legal and competent evidence of the bill of sale, the laws of this state having been adopted in that part of the district of *Columbia* ceded by this state, and comprehended within the county of *Washington.*

The court concur in the opinions expressed by the court below in the *second* and *third* bills of exceptions; there being no facts stated to impeach the validity of the bill of sale, or contaminate the transaction with fraud. The circumstances that the grantor was indebted to *Francis Deakins* at the time of the obtaining the bill of sale, and the retention of the possession by the grantor, of the negroes for which the action was instituted, cannot taint the transaction with fraud or collusion to defeat a creditor of his just claim by covering the property by the bill of sale. It is the right of a debtor to give preference to one of his creditors by a fair and honest transfer of goods and chattels, adequate to the payment of his debt; and there are no facts stated to prove that the property transferred was more than sufficient to pay the debt intended to be secured, nor is there proof of any collusion between the grantor and grantee to cover the property remaining, from the claims of the other creditors of the grantor, after the debt of *Jones* was satisfied. The retaining the possession by the grantor is sanctioned by the act of assembly, and the bill of sale cannot be invalidated or impeached by it.

JUDGMENT AFFIRMED.

---

HAMILTON vs. THE STATE use of JAMESON.

APPEAL from *Charles* County Court. Debt on the testamentary bond, given on the estate of *Marmaduke Semmes.*

In an action on an administration bond, the condition of which was not in the words of the form prescribed by the act of 1798, *ch.* 101, *sub ch* 3, *s* 11, or *sub ch.* 14, *s* 6, the defendant pleaded general performance, and to the replication, assigning for breach the nonpayment of an account which the person, for whose use the action was brought, had against the deceased, the defendant demurred generally—Demurrer overruled.

1814.

Pye
vs
Wood

dated the 18th of August 1808, and conditioned; "that if the above bound *Francis P. Hamilton*, who intermarried with *Letitia H. Semmes*, appointed executrix of *Marmaduke Semmes*, late of *Charles* county, deceased, shall faithfully pay all just claims against the deceased, and damages which may be recovered against him as executor aforesaid, and also all legacies bequeathed by the will of the said testator, then," &c. General performance was pleaded. Replication, nonperformance.—Breach assigned, the non-payment of an account of *Jameson*, for whose use this suit was brought, against the testator, for medicine and attendance, &c. General demurrer to the replication. Joinder in demurrer. The demurrer was overruled by the county court, and judgment entered for the plaintiff for the penalty and costs, to be released on payment of, &c. From this judgment the defendant appealed to this court, where the cause was argued before CHASE, Ch. J. and BUCHANAN, JOHNSON, and MARTIN, J. by

*Chapman*, for the Appellant, who stated that the only point for the court to decide was, whether or not the form of the bond entered into was according to the *formula* prescribed by the act of 1798, *ch.* 101, *sub ch.* 3, *s.* 11, or *sub ch.* 14, *s.* 6. He contended that it was not, and not being so, no action could be sustained thereon.

No Counsel appeared for the Appellee.

JUDGMENT AFFIRMED.

———

DECEMBER.

In an action on a replevin bond, executed on suing out a writ of replevin for negro slaves, which writ was non prossed, and the plaintiffs here were kept out of the negroes from May 1804 to March 1805. The defendant in order to shew the declarations of the plaintiff, that the slaves were of little or no value, of-

## PYE vs. WOOD, et ux.

APPEAL from *Charles* County Court. Debt upon a replevin bond, entered into on the 1st of April 1804, by *Sally* and *Elizabeth Doncastle*, with the defendant, (now appellant,) and another, as their sureties, to *Elizabeth Ridgate*, administratrix of *Thomas H. Ridgate*, who had intermarried with *John Woods*, the plaintiffs, (the appellees.) General performance was pleaded. Replication, nonperformance, setting out the action of replevin brought

fered to ask a witness the following question. "Did you hear the plaintiffs at any time in October 1804, say that they knew where the negroes were, that they had left their possession by their orders, and that they would take no steps to regain the possession of them, and that they did not wish, and would not allow them to return?"—*Held*, that the question was inadmissible, and should not be answered.